UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUKMAN HASSAN GARANE,

                Petitioner,

    v.

KRISTI NOEM, *et al.*,

                Respondents.

CASE NO. 2:26-cv-00538-GJL

ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Lukman Hassan Garane is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody and an order enjoining his future re-detention without notice or hearing. Dkt. 1. The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3. The Petition has been fully briefed and ripe for consideration by the Court. Dkts. 1, 5, 8.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS IN PART** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release from custody and injunctive relief as outlined in the conclusion.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

## I.    FACTUAL BACKGROUND

Petitioner, a citizen of Somalia, entered the United States without lawful status in November 2023. Dkt. 1 at ¶¶ 19–20; Dkt. 6 at ¶ 3. On November 17, 2023, Petitioner was apprehended by U.S. Customs and Border Protection. Dkt. 6 at ¶ 3; Dkt. 7-1. On November 19, 2023, Petitioner was served with a Notice to Appear charging him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Dkt. 6 at ¶ 4; Dkt. 7-2. That same day, DHS released Petitioner on an Order of Recognizance ("OREC"). Dkt. 6 at ¶ 4; Dkt. 1 at ¶ 21; Dkt. 7-3.

Petitioner alleges that he complied with the conditions of his release, including attending required immigration proceedings and complying with immigration reporting requirements. Dkt. 1 at ¶ 22. While released, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. Dkt. 6 at ¶ 5; *see also* Dkt. 1 at ¶ 22. Petitioner's applications for relief were denied by an Immigration Judge and are currently on appeal to the Board of Immigration Appeals. Dkt. 1 at ¶ 25; Dkt. 6 at ¶ 8.

On July 24, 2025, Petitioner reported to a scheduled ICE check-in and was re-detained. Dkt. 1 at ¶ 24; Dkt. 6 at ¶ 7; Dkt. 7-4. It is undisputed that, prior to his re-detention, Petitioner did not receive written notice explaining the reasons for his detention, nor was he provided a hearing before a neutral decisionmaker to determine whether his detention was warranted. Dkt. 1 ¶¶ 27–29; *see also* Dkt. 5. Petitioner remains detained at the NWIPC during the pendency of his removal proceedings. Dkt. 6 at ¶ 9; *see also* Dkt. 1 at ¶¶ 8, 25.

## II.    PROCEDURAL BACKGROUND

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241 on February 13, 2026. Dkt. 1. On March 3, 2026, Respondents filed a Return arguing Petitioner's re-detention comports with due process. Dkt. 5. On March 8, 2026, Petitioner filed a Traverse. Dkt. 8.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

The sole ground for habeas relief raised in the Petition is that Petitioner's re-detention without written notice and a pre-deprivation hearing was in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. Dkt. 1; *see also* Dkt. 8. Respondents disagree, claiming that Petitioner's detention is mandatory and that neither the INA nor the Due Process Clause require that he receive pre-deprivation notice and hearing. Dkt. 5.

Having reviewed the parties' arguments and the relevant legal authority, the Court concludes that Petitioner did not receive constitutionally adequate process and is entitled to some, but not all, of the relief requested in the Petition.

### III.    LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. Due process protections extend to all individuals within U.S. borders, including noncitizens, regardless of their immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Procedural due process demands meaningful notice and a genuine opportunity to be heard before the federal government infringes upon a liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts in the Ninth Circuit apply the *Mathews* balancing test in immigration detention cases, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the Government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

## IV.    DISCUSSION

Despite their initial position that Petitioner's detention is required by statute, Respondents acknowledge that recent decisions from this District have rejected their theory that individuals who—like Petitioner—were released by DHS and free to live in the United States for months and years on their own recognizance are "applicants for admission" subject to mandatory detention under Section 1225(b). Dkt. 5 at 4 (citing *Lucena-Ojeda v. Noem,* No. 2:26-CV-00085-BAT, 2026 WL 279353, at *1 (W.D. Wash. Feb. 3, 2026) and *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025)). Respondents are correct—this Court has previously rejected their mandatory detention argument and does so again here.

Even assuming *arguendo* Respondents acted within their statutory authority to detain Petitioner, this would not obviate their obligation to comply with due process. *See P.T. v. Hermosillo*, No. 25-cv-2249-KKE, 2025 WL 3294988, at *2 (W.D. Wash. Nov. 26, 2025) ("To the extent that the Government's briefing suggests that Section 1225(b) should be the beginning and end of the Court's inquiry, this position is emphatically rejected. In determining the lawfulness of Petitioner's detention, the Court will focus not on the Government's claimed authority to detain, but the process by which Petitioner was detained."); *Francois v. Wamsley*, No. C25-2122-RSM-GJL, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025) ("Any argument that ICE acted within its [statutory] authority has no [e]ffect on a claim contending that detention violates Constitutional Due Process."). Thus, the Court must determine whether Petitioner's re-detention without prior notice or hearing complied with due process. Analyzing the facts of this case under the three-part *Mathews* framework, the Court finds that it did not.

On the first *Mathews* factor, Petitioner's liberty interest in remaining free from physical confinement after years of release in the United States under an OREC is substantial. *See*

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

*Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025).

On the second *Mathews* factor, Respondents revoked Petitioner's OREC and re-detained him at a routine ICE check-in with no advance notice, no statement of new facts suggesting danger or flight risk, and no opportunity to contest his re-detention before a neutral decisionmaker. Indeed, even in these federal habeas proceedings, Respondents offer no individualized justification for Petitioner's re-detention. Thus, the risk of erroneous deprivation is high, and a brief, neutral custody hearing would have significant value in testing the legal and factual basis for custody. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

As for the third *Mathews* factor, the Court recognizes that there are strong governmental interests in the efficient administration of immigration laws, including those regarding detention of noncitizens. However, Respondents fail to identify any concrete reason why providing a short, pre-deprivation custody hearing before revoking an existing OREC would materially impede those interests, particularly given Petitioner's years of undisputed compliance with the conditions of his release. Custody hearings are already routine, and courts in this District have found the marginal administrative burden of such hearings to be modest and outweighed by the liberty interest at stake. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, No. 2:25-cv-01404-JNW-GJL, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

On balance, the Court finds that all three *Mathews* factors favor Petitioner and, as a result, Respondents violated his right to due process when they re-detained him without prior notice and a hearing before a neutral and detached magistrate. *See, e.g., P.T.*, 2025 WL 3294988, at *4 (collecting cases). These routine processes serve "as a crucial bulwark against the

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

unfettered disregard of individual liberty interests." *G.S. v. Hermosillo*, No. 25-cv-2704-TSZ, 2026 WL 179962, at *3 (W.D. Wash. Jan. 22, 2026).

## V.   REMEDY

Having determined that Petitioner was re-detained without the constitutionally required process, the Court now determines the appropriate remedy for his unlawful confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)).

Other courts in this District have ordered conditional release where, for example, the record showed that ICE officials performed some individualized assessment of flight risk, dangerousness, or noncompliance with release conditions before re-detaining a petitioner. *See, e.g., Singh v. Noem*, No. 2:26-cv-00246-BAT, 2026 WL 592265, at *3 (W.D. Wash. Mar. 3, 2026) (ordering conditional release where "Respondents claim to have detained Petitioner due to several violations of the OREC and Petitioner fails to rebut that asserted justification"); *Balwan v. Bondi*, No. 2:26-cv-00248-LK, 2026 WL 497098, at *5 (W.D. Wash. Feb. 23, 2026) (similar).

Such circumstances are not present in this case. Given the constitutional defects underlying his re-detention without any meaningful individualized review performed, the Court concludes that an order of immediate release is the appropriate remedy for Petitioner's unlawful confinement.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

In addition to immediate release, Petitioner asks that Respondents be prohibited from re-detaining him during the pendency of his removal proceedings without providing written notice and a hearing prior to re-detention at which Respondents would bear the burden of proving by clear and convincing evidence that he is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks. *See* Dkt. 1 at 8.

The Court concurs that, consistent with the requirements of due process, Respondents must provide written notice and a hearing before a neutral decisionmaker in conjunction with future re-detention decisions while Petitioner's removal proceedings are pending. With respect to the timing and evidentiary burden required, however, the Court declines to prescribe a particular procedural framework for all possible re-detention decisions Petitioner may face. Further, to the extent Petitioner requests that Respondents also be required to consider alternatives to detention at any re-detention hearing, he has failed to establish this additional procedural protection is constitutionally required. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).

### VI.    CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

(1)    Petitioner's habeas Petition (Dkt. 1) is **GRANTED IN PART**;

(2)    Respondents **SHALL release** Petitioner from custody **within 24 HOURS** under the conditions consistent with those in place at the time of his re-detention;

(3)    Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them **SHALL NOT re-detain** Petitioner unless an Immigration Court hearing is held (on adequate notice) to determine whether detention is appropriate, or until Petitioner is issued a final order of removal; and

(4)    Respondents **SHALL** file a certification within **48 HOURS** of the issuance of this Order, confirming that the Petitioner has been released from custody and providing the date and time of his release.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 17th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 8